**E-FILED**
Tuesday, 23 April, 2013  01:28:53 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

**ROBERT PORTER, SR.,**

      **Plaintiff,**

**v.**

**JOSHUA CAMPBELL,**

      **Defendant.**

**Case No. 12-2092**

## ORDER

Plaintiff Robert Porter, Sr., brings an excessive force claim under 42 U.S.C. § 1983 and a state law battery claim against Defendant Joshua Campbell, alleging that Defendant, a Danville police officer, exerted excessive force in arresting Plaintiff, tearing Plaintiff's rotator cuff and causing serious and permanent injury to Plaintiff's arm.

Before the Court is Defendant's March 26, 2013, Motion For Summary Judgment (#40), in which Defendant asserts that he used objectively reasonable force in arresting Plaintiff, and contends that he is entitled to qualified immunity.  Plaintiff filed his response in opposition on April 5, 2013 (#48).  Defendant filed no timely reply.[1]  Because genuine issues of material fact preclude summary judgment on Plaintiff's claims, Defendant's Motion for Summary Judgment **(#40)** is **DENIED** in its entirety.

## I.  Legal Standard

Summary judgment is only appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  In ruling on a motion for summary judgment, the Court views all facts and draws all reasonable inferences in favor of the nonmoving party.  *Jajeh v. Cnty. of Cook*, 678 F.3d 560, 566 (7th Cir. 2012).

---

[1] Local Rule 7.1(D)(3) states that the movant's reply in support of a motion for summary judgment must be filed within 14 days after service of the nonmovant's response.  Plaintiff filed his response on April 5, 2013.  Therefore, Defendant's reply was due by April 22, 2013 (14 days plus 3 additional days for service through CM/ECF, under Federal Rule of Civil Procedure 6(d) and Local Rule 5.3(D)).

## II. Excessive Force Claim

Excessive force claims hinge on the reasonableness of the officer's use of force, in light of all the facts and circumstances facing the officer at the time, such as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

The parties dispute the events surrounding Plaintiff's arrest, including when and how Plaintiff resisted arrest and whether he presented a threat to the officers.[2]  According to Plaintiff's deposition, at the time the injury to his arm occurred, Plaintiff was already on the ground and immobilized, but Defendant continued to pull Plaintiff's arm back and up behind his shoulder.  When Plaintiff told Defendant that he had a pin in his shoulder, Defendant replied, "I don't care.  I'll break it."  Plaintiff Dep. at 24:17-18 (#41-1).  Defendant, in contrast, testified in his deposition that, even when Plaintiff was on the floor, Plaintiff continued to struggle with the officers, and Defendant "was doing [his] best to pull [Plaintiff's arm] out behind his back" so that he could cuff Plaintiff.  Def. Dep. at 41:8 (#42-1).  Defendant stated in his deposition that when he was eventually able to pull Plaintiff's arm behind his back, he did not raise Plaintiff's arm up behind his shoulder.  Likewise, the parties dispute the amount of force Defendant used. Although Defendant asserts he used only the force necessary to subdue Plaintiff, Plaintiff cites the deposition of his treating physician, who testified regarding the severity of Plaintiff's injuries, as evidence of the gravity of the force that Defendant applied to Plaintiff's arm.

---

[2] Defendant  notes that Plaintiff pled guilty to aggravated battery of Defendant and Defendant's partner, Officer Bransford, who was also involved in Plaintiff's arrest.  Defendant highlights that the factual basis for Plaintiff's plea stated that "when [Defendant and Officer Bransford] tried to arrest [Plaintiff] he pushed them into a wall, and that Mr. Campbell did receive an injury to one of his fingers."  Transcript of Guilty Plea Proceedings at 10:20-22 (#41-4).

Defendant cites no authority and offers no analysis regarding the use of guilty pleas as evidence in this civil action, other than to assert that Plaintiff's guilty pleas were "certainly a damaging admission" (#40, p. 9). *Cf. Wells v. Coker*, 707 F.3d 756, 762-63 (7th Cir. 2013) (discussing use of plaintiff's guilty plea in a subsequent excessive force action).  Nevertheless, assuming the plea is admissible as evidence that Plaintiff pushed the officers into a wall and injured Defendant's finger, the fact that Plaintiff did so does not render reasonable, as a matter of law, any force Defendant subsequently used against Plaintiff but, instead, provides some evidence to inform the reasonableness inquiry.  Plaintiff has supplied sufficient evidence regarding the amount of force Defendant used and the events surrounding the arrest to establish genuine issues of material fact regarding the reasonableness of Defendant's use of force.

Because genuine issues of material fact exist as to the reasonableness of the force Defendant used in arresting Plaintiff, summary judgment on Plaintiff's excessive force claim is denied.

### III.  State Law Battery Claim

In Illinois, battery is the "'unauthorized touching' of another that 'offends a reasonable sense of personal dignity.'"  *Chelios v. Heavener*, 520 F.3d 678, 692 (7th Cir. 2008) (quoting *Cohen v. Smith*, 648 N.E.2d 329, 332 (Ill. App. Ct. 1995)).  Importantly, however, under Illinois law, a police officer, as a public employee, is not liable "for actions committed 'in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct.'"  *Id.* at 693 (quoting 745 ILCS 10/2–202); *accord Smith v. City of Chi.*, 242 F.3d 737, 744 (7th Cir. 2001).  An officer engages in willful and wanton conduct if he acts with "'actual or deliberate intention to harm or with an utter indifference to or conscious disregard for the safety of others.'"  *Chelios*, 520 F.3d at 693 (quoting *Breck v. Cortez*, 490 N.E.2d 88, 94 (Ill. App. Ct. 1986)).[3]

Viewing the facts in the light most favorable to Plaintiff, a genuine issue of material fact exists as to whether Defendant acted with conscious disregard for Plaintiff's safety when he twisted Plaintiff's arm up and behind his back, despite the fact that Plaintiff was no longer resisting and told Defendant that he had a pin in his shoulder.  Accordingly, summary judgment is denied on Plaintiff's state law battery claim.

### IV.  Qualified Immunity

Finally, Defendant argues that the doctrine of qualified immunity, which "shields from liability police officers who act in ways they reasonably believe to be lawful," *Chelios*, 520 F.3d

---

[3] Defendant also argues, "Under the Illinois Criminal Code, a police officer is permitted to use any force the officer reasonably believes is necessary to effect an arrest."  (#40, p. 12 (citing 720 ILCS 5/7-5)).  Defendant does not explain the relevance of the Illinois Criminal Code to this civil case.  *See Hawkins v. City of Champaign*, No. 10-2111, 2011 WL 2446312, at *6 n.3 (C.D. Ill. May 25, 2011) ("Additionally, Defendants argue they are shielded by 720 ILCS 5/7-5.  This provision of Illinois' criminal code codifies the circumstances in which an officer's use of force is justified.  However, because this statute is part of the criminal code, indicating when use of force is justified and thus not a criminal offense, it is not directly applicable to Plaintiff's civil complaint.").  Even assuming that 720 ILCS 5/7-5 would apply here and protect Defendant from liability for battery if he used reasonable force in arresting Plaintiff, the Court already determined in its analysis of Plaintiff's excessive force claim that genuine issues of material fact exist as to the reasonableness of Defendant's use of force.

at 691 (internal quotation marks omitted), bars liability here.  Courts employ a two-part test to determine the application of qualified immunity at summary judgment: "(1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendants violated a constitutional right; (2) whether that constitutional right was clearly established at the time of the alleged violation." *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

Viewing the facts in Plaintiff's favor, Defendant used excessive force when he twisted Plaintiff's arm up and back with force sufficient to tear Plaintiff's rotator cuff, despite the fact that Plaintiff was immobilized.  Moreover, at the time Defendant arrested Plaintiff, it was clearly established that, when a suspect is not resisting arrest or posing a threat to the officer, applying gratuitous force while placing the suspect under arrest constitutes excessive force.  *See Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 687 (7th Cir. 2007) ("At the time of [the plaintiff's] arrest, it was of course clearly established that a police officer may not use excessive force in arresting an individual. . . . [A]ccepting as true [plaintiff's] contention that he did not physically resist the officers, we cannot say that [the officer] could have reasonably thought the types of gratuitous force [plaintiff] has described were justified."); *see also Payne v. Pauley*, 337 F.3d 767, 780 (7th Cir. 2003) ("It was also well established that it was unlawful to . . . violently yank the arms of arrestees who were not resisting arrest, did not disobey the orders of a police officer, did not pose a threat to the safety of the officer or others, and were suspected of committing only minor crimes.").  Accordingly, summary judgment on the basis of qualified immunity is not proper here.

## V.  Conclusion

For these reasons, Defendant's Motion for Summary Judgment **(#40)** is **DENIED** in its entirety.  The trial in this case will be reset by separate order.

ENTERED this 23rd day of April, 2013.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE