**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **ROBERT PORTER, SR.,**   **Plaintiff,**   v.   **JOSHUA CAMPBELL,** *et al.*,   Defendant. | Case No.  12-2092 |

**ORDER**

Plaintiff Robert Porter, Sr., has filed a civil rights claim pursuant to 42 U.S.C. § 1983 against Defendant Joshua Campbell, a police officer, alleging that Defendant used excessive force while trying to arrest Plaintiff.  Plaintiff has also alleged a claim of battery under Illinois law.

Defendant has filed motions *in limine* in anticipation of the trial, which is scheduled to begin June 10, 2013.  The Court's disposition and reasoning follows.

**Defendant's Motion *in Limine* Number 1 (#58)**

Plaintiff testified in his deposition that the officers involved in the arrest used racial slurs. Defendant and the other officers deny the use of racial slurs or racial bias and intimidation. Defendant argues in his first motion *in limine* that the Court should bar any evidence, mention, or implication of racial slurs or racial bias and intimidation because whether Defendant or other officers used racial slurs or demonstrated racial bias is irrelevant to whether Defendant used excess force or committed battery.  *See* F.R.E. 401, 402.  In addition, Defendant contends that, even if such evidence is relevant, its use would lead to unfair prejudice against Defendant and the officers who will be testifying and would also lead to a confusion of the issues because the use of racial slurs is not an issue in this case.  *See* F.R.E. 403.

1

Plaintiff responds that evidence of racial bias may be probative in determining the reasonableness of the force applied because it can inform the jury about the credibility of the witnesses and can prove that Defendant's conduct was improperly motivated, malicious, wanton, or oppressive, and therefore unreasonable. Plaintiff contends that although this evidence would be prejudicial, its probative value is not outweighed by the danger of *unfair* prejudice because it implicates the central issue in the case: the reasonableness of the force used by Defendant. Plaintiff also contends that this evidence would not confuse the issues because it would be offered in the context of how much force Defendant used.

The Court agrees that evidence of racial slurs and bias is relevant to Defendant's motivation and to the reasonableness of his conduct and concludes that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice to Defendant. The Court is confident that counsel will be able to clarify for the jury that the issues in this case relate to Defendant's use of force and that the possible existence of racial bias or discrimination per se is not at issue except to the extent it relates to the reasonableness of the force. Accordingly, the Court denies Defendant's Motion *in Limine* Number 1 (#58).

**Defendant's Motion *in Limine* Number 2 (#59)**

Defendant argues in his second motion *in limine* that the Court should bar any evidence or implication as to whether the officers involved had probable cause to arrest Plaintiff or had obtained an arrest or search warrant prior to arresting Plaintiff because such evidence is irrelevant to the claims in this case. *See* F.R.E. 401, 402. In addition, Defendant contends that, even if such evidence is relevant, its use would lead to unfair prejudice against Defendant and the officers who will be testifying and would also lead to a confusion of the issues. The Court notes that Defendant does not explain how this evidence might lead to unfair prejudice or confusion. Specifically, Defendant contends that Plaintiff admits that he pled guilty to burglary as well as aggravated assault of a police officer; therefore, whether the officers had probable cause to arrest or had obtained a warrant is not germane to this case. *See* F.R.E. 403.

It is unclear whether Plaintiff opposes Defendant's motion to bar evidence related to probable cause. Plaintiff states that the probable cause evidence is relevant to the claims but he

agrees that presentation of evidence about whether Defendant had probable cause to arrest Plaintiff would be prejudicial and confusing for the jury.  In fact, Plaintiff asks the Court to extend the bar on probable cause evidence to DNA evidence related to Porter's involvement in the 2010 burglary of Holiday Hills.[1]  On the other hand, Plaintiff acknowledges that Defendant had probable cause to arrest him and states that "Defendant is free to state that he had probable cause in this case."  (#81, p. 3.)  The Court agrees with both parties that this evidence would be prejudicial and confusing to the jury; therefore, the parties are barred from eliciting testimony about whether Defendant had probable cause to arrest Plaintiff.

As to evidence related to search or arrest warrants, Plaintiff does not oppose the motion insofar as it seeks to bar evidence regarding a search warrant.  However, Plaintiff objects to Defendant's motion to the extent it seeks to preclude Plaintiff from presenting evidence related to Defendant's decision not to obtain an arrest warrant.

Plaintiff notes that Defendant stated in his deposition that he did not seek an arrest warrant for Plaintiff because he normally would not seek an arrest warrant unless he thought "somebody is going to be fleeing town." (Campbell dep., p. 23.)  Thus, Defendant's decision not to obtain an arrest warrant is evidence that he had no concerns about Plaintiff fleeing in spite of his prior knowledge of Plaintiff.  Plaintiff notes that Defendant may try to introduce evidence and testimony of other officers' previous interactions with Plaintiff to establish that Defendant believed that Plaintiff might attempt to flee.  Plaintiff contends that this is inconsistent with his deposition testimony that implied he did not think Plaintiff would flee.

The Court concludes that the evidence regarding whether a police officer had obtained an arrest warrant is irrelevant to the question of whether the officer used excess force or committed battery during an arrest.  This evidence also raises the risk of confusing the jury as to the propriety of the arrest.

---

[1] Plaintiff raised this issue in his Motions in Limine (#71) and the Court will not address it here.

3

The Court grants Defendant's Motion *in Limine* Number 2 (#59) in its entirety. All evidence as to whether the officers had probable cause or obtained an arrest warrant or a search warrant is barred.

### Defendant's Motion *in Limine* Number 3 (#60)

Defendant argues in his third motion *in limine* that the Court should bar any evidence, questions, inferences, innuendos, or testimony relating to whether the officers involved in arresting Plaintiff used or had available audio or video recording equipment at the time of the arrest. Defendant contends that such evidence is not relevant to whether Defendant used excess force or committed battery. In addition, Defendant contends that, even if such evidence is relevant, its use would lead to unfair prejudice against Defendant and the officers who will be testifying and would also lead to a confusion of the issues because it could cast a cloud over the arrest of Plaintiff and/or mislead the jury to believe that such equipment was required or that it was purposely not used.

Plaintiff notes that Defendant stated in his deposition that he decided not to bring recording equipment because he did not consider this a major case. Plaintiff argues that Defendant's failure to record the meeting and arrest shows that Defendant's knowledge of Plaintiff, his arrest history, and his previous interactions with police did not create concern about the pending arrest. Thus, this testimony is relevant because it is probative of the "seriousness of the crime" factor for analyzing reasonableness of force. *See Chelios v. Heavener*, 520 F.3d 678, 689 (7th Cir. 2008) (stating that a number of factors are relevant to the question of whether the use of force violates the Fourth Amendment, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight") (citation omitted). Plaintiff does not claim that Defendant was required to record the incident or that it was improper that he did not do so and noted that Defendant can testify to his usual practice and department policy on making recordings.

It is not the evidence of the lack of recordings that Plaintiff seeks to present but the testimony explaining Defendant's perception of the seriousness of his encounter with Plaintiff.

As Plaintiff pointed out, this is relevant to reasonableness. However, Plaintiff can elicit this testimony without reference to whether Defendant made an audio or video recording. Accordingly, the Court grants Defendant's Motion *in Limine* Number 3 (#60).

**Defendant's Motion *in Limine* Number 4 (#61)**

When deposing the officers involved in this case, Plaintiff's counsel inquired about whether they were aware of the injury when it occurred. In questioning the officers, counsel described the injury using phrases such as "snapped" or "ruptured" tendons, "massive tears" to the rotator cuff, and "irreparable" injury. In his fourth motion *in limine*, Defendant asks the Court to bar these kinds of descriptions because they assert medical opinions as to the type of injury Plaintiff sustained. Defendant notes that the officers are lay witnesses who do not have the expertise to render medical opinions. As a result, Defendant contends that this is "simply irrelevant evidence."

In addition, Defendant's counsel argues that Plaintiff is not qualified to render medical opinions regarding his injuries (*see* F.R.E. 702) and should be barred from doing so. In particular, Defendant contends that Plaintiff should not be allowed to testify that his tendons "snapped," his ligaments were torn off the rotator cuff, the medication he took affected his liver, his shoulder injury was irreparable, the doctors had to cut away dead muscles and tendons, and he will be on pain medication in the future. Defendant also contends that Plaintiff should be barred from testifying as to what his doctor told him as that testimony would be hearsay. *See* F.R.E. 802.

Plaintiff agrees that it would be improper for any lay witness to testify to medical opinions but argues that this motion is unduly broad because it would bar witnesses from testifying to what they observed and felt. The Court disagrees.

Federal Rule of Evidence 701 provides that lay witnesses are barred from providing opinions or conclusions that are based on scientific, technical, or other specialized knowledge. Here, the descriptions of Plaintiff's injury as posed in the deposition questions constituted medical opinions. Any answer to that form of question would include a medical opinion, thus

5

exceeding the bounds of allowable testimony for a lay witness. Although Plaintiff's counsel may inquire of the officers what they heard and felt during the incident, counsel may not present those questions using a description that contains a medical opinion.

Regarding Plaintiff's testimony, he may, of course, testify about his own subjective perceptions of what he experienced, his symptoms, and his own observations, but he may not testify as to what the doctors have told him about his condition because that would constitute inadmissible hearsay. Accordingly, the Court grants Defendant's Motion *in Limine* Number 4 (#61).

### Defendant's Motion *in Limine* Number 5 (#62)

In his fifth motion *in limine*, Defendant asks the Court to bar any evidence, mention, or inferences (1) that Defendant and the other officers involved in the arrest had heard or made any threats of violence against Plaintiff, (2) whether Defendant had ever been reprimanded on the job, and (3) whether Officer Bransford had been previously accused of inflicting injury upon a suspect. Defendant argues that threats are irrelevant because the case is based on what actually occurred, rather than what was merely threatened, that past reprimands of Defendant are irrelevant to whether Defendant used excessive force or committed battery in this case, and that Officer Bransford's past conduct is irrelevant.

Plaintiff opposes this motion only as it relates to evidence of threats made by Defendant against Plaintiff. Plaintiff states that he told Defendant about the limited mobility of his right arm and that Defendant responded by threatening to break his arm. Plaintiff contends that this evidence shows that Defendant intended to produce the injury that resulted from his use of force. This is relevant to the reasonableness of the force and the wanton nature with which Defendant applied the force and it shows that Defendant was aware of and consciously disregarded Plaintiff's limited range of motion and inability to comply with Defendant's command to put his hands behind his back.

The Court agrees with Plaintiff that evidence of Defendant's knowledge of Plaintiff's lack of mobility in his shoulder and his threatening response is relevant to the reasonableness of

the force applied and whether Defendant's conduct was willful and wanton.  Accordingly, the Court denies Defendant's Motion *in Limine* Number 5 (#62) as to Defendant's threats against Plaintiff and grants the motion as to the remaining issues raised in the motion.

### Defendant's Motion *in Limine* Number 6 (#63)

In his sixth motion *in limine*, Defendant asks the Court to bar any evidence, mention, or inferences relating to (1) claims that assault charges would be dropped if Plaintiff dropped his civil suit; (2) use of false evidence to obtain a confession, and (3) whether Plaintiff was read his Miranda rights.  Defendant argues that this evidence is irrelevant.  Defendant also contends that the evidence related to whether Plaintiff was read his Miranda rights would confuse the jury.

Plaintiff challenges the motion only as it relates to evidence regarding whether Plaintiff was read his Miranda rights before he was seized.  Plaintiff contends that this evidence is directly relevant to the reasonableness of Defendant's use of force and it is unlikely to prejudice the jury.  Specifically, Plaintiff contends that, because he was not told he was under arrest prior to being seized by Defendant and Officer Bransford, he reasonably believed that he was free to leave the room when he tried to do so.  Plaintiff acknowledges that the alleged failure to read the Miranda rights is not dispositive of the issue of whether Plaintiff had been informed that he was under arrest, but contends that it is, nevertheless, relevant to show Plaintiff was not attempting to flee or actively resisting.  Furthermore, Plaintiff contends that any potential confusion could be diminished by Defendant's testimony that he was not required to read the Miranda warnings before arresting Plaintiff.

The Court agrees with Defendant that the evidence that Plaintiff was not warned of his Miranda rights is not relevant to whether Defendant used excessive force or committed battery and is only marginally probative of the issue for which Plaintiff would offer it.  Furthermore, barring any mention of the Miranda warning will not preclude Plaintiff from testifying that he did not realize that he was under arrest or that he was not attempting to flee.  Accordingly, the Court grants Defendant's Motion *in Limine* Number 6 (#63) as to the officers' failure to read the Miranda warnings as well as to the remainder of this motion.

**Defendant's Motion *in Limine* Number 7 (#64)**

In his seventh motion *in limine*, Defendant asks the Court to bar any evidence, mention, or innuendos relating to Plaintiff's counsel being law students appointed by the Court to represent Plaintiff. Defendant argues that this information could potentially prejudice the jury "for or against a party" and it is irrelevant to the issues involved in the case.

Plaintiff agrees with Defendant that this information is irrelevant. Accordingly, the Court grants Defendant's Motion *in Limine* Number 7 (#64).

**Defendant's Motion *in Limine* Number 8 (#65)**

In his eighth motion *in limine*, Defendant asks the Court to bar any evidence, mention, or inferences relating to stories in the media concerning the use of excessive force on the grounds that such evidence is not relevant. Plaintiff has filed no response to this motion. The Court agrees that such information is irrelevant to this case and may be inflammatory. Accordingly, the Court grants Defendant's Motion *in Limine* Number 8 (#65).

**Defendant's Motion *in Limine* Number 9 (#67)**

In his ninth motion *in limine*, Defendant asks the Court to bar any evidence, mention, or inferences relating to claims that Plaintiff is entitled to lost wages. Defendant states that Plaintiff must establish a basis for the assessment of damage (*see Sutton v. Overcash*, 623 N.E.2d 820, 838 (Ill. App. Ct. 1993) ("In order to recover lost earnings, all the law requires is that the plaintiff present evidence which will establish, with a fair degree of probability, a basis for the assessment of damages.")), presumably implying that Plaintiff has not done so or is unable to do so here. In addition, Defendant argues that Plaintiff is not entitled to lost wages because any loss due to Plaintiff's inability to work arises from the fact that he is incarcerated, and not because Defendant used excess force or committed battery while arresting Plaintiff. *See Chi. Title & Trust Co. v. Walsh*, 340 N.E.2d 106, 115 (Ill. App. Ct. 1975) ("While a plaintiff is entitled to recover all damages which naturally flow from the commission of a tort, he must prove them with reasonable certainty. The damage must be the natural result of the wrong inflicted, it must be real, and it must not be speculative or probable."). Defendant contends that Plaintiff is unable to work because he is currently serving an eight and one-half year sentence in the Illinois

Department of Corrections; therefore, the wage loss claim is not a "natural result" of the alleged excess force.

The fact that Plaintiff will be incarcerated for eight and one-half years does not bar him from seeking lost wages, although it does constitute evidence that could undermine that claim. Plaintiff will still have to establish a basis for any damages. However, the Court will not prospectively rule on what evidence Plaintiff might introduce on the issue of lost wages. Accordingly, the Court denies Defendant's Motion *in Limine* Number 9 (#67).

### Defendant's Motion *in Limine* Number 10 (#66)

Defendant argues in his tenth motion *in limine* that the Court should bar Plaintiff from presenting Nurse Galloway as a witness because Plaintiff failed to timely disclose her pursuant to the discovery schedule. *See* Fed. R. Civ. P. 37(c) ("if a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial.").

Plaintiff responds that he included a "Nurse known as 'Cookie'" who worked at the Vermillion County Jail in his initial disclosures on October 25, 2012, prior to the disclosure deadline of October 30, 2012. He also states that Michael Dueker, one of Plaintiff's attorneys, learned that "Cookie" was Nurse Galloway in early March 2013 and on March 12, 2013, Mr. Dueker informed Jack Martin, Defendant's attorney at the time, of that fact. Plaintiff contends that disclosing Nurse Galloway by her nickname in the initial disclosures was sufficient to put Defendant on notice of Plaintiff's intent to elicit testimony from her and his supplemental disclosure of her name to Defendant's attorney satisfied discovery rules.

The Court concludes that Plaintiff's initial and supplemental disclosures were adequate to comply with discovery rules. Accordingly, the Court denies Defendant's Motion *in Limine* Number 10 (#66).

**Defendant's Motion *in Limine* Number 11 (#68)**

Dr. Scott Paluska will be testifying as Plaintiff's medical expert by the reading of his deposition. Defendant asks the Court to bar opinions or testimony from Dr. Paluska regarding (1) "snapping" or "snapped" tendons; (2) the mechanism of Plaintiff's injury; and (3) Plaintiff's ability to work. Defendant argues that these opinions lack foundation and are speculative in nature.

The Court has reviewed Plaintiff's arguments regarding these issues, as well as the deposition. As Plaintiff pointed out, Dr. Paluska did not use the words "snapping" or "snapped" when discussing Plaintiff's injuries and his answers to questions that included those words were comprehensible and did not add to any confusion that the use of those words might otherwise have created. Redacting those words from the deposition at this point would almost certainly cause greater confusion.

Defendant contends that Dr. Paluska's testimony about the mechanism of Plaintiff's injury is speculative and lacked foundation. Dr. Paluska is an expert in this area and, subject to specific redactions to the deposition that will be addressed in response to another motion, the Court finds Defendant's argument unpersuasive.

Finally, the Court has reviewed Dr. Paluska's testimony regarding Plaintiff's ability to work in light of Defendant's objections to this testimony. The Court agrees with Defendant that lines 19-24 on page 46 and lines 1-2 on page 47 should be redacted and grants Defendant's motion to that extent. As to the remainder of the testimony on page 47, the Court will deny Defendant's motion, subject to later redactions of specific testimony.

Accordingly, subject to later redactions of the deposition, the Court denies Defendant's Motion *in Limine* Number 11 (#68) as to Dr. Paluska's deposition testimony that includes the words "snapping" or "snapped," and his testimony regarding the mechanism of Plaintiff's injury. The motion is granted in part and denied in part as to the testimony regarding Plaintiff's ability to work.

**Summary**

For the reasons stated above, the Court denies Defendant's Motion *in Limine* Number 1 (#58), Motion *in Limine* Number 9 (#67), and Motion *in Limine* Number 10 (#66). The Court grants Defendant's Motion *in Limine* Number 2 (#59), Motion *in Limine* Number 3 (#60), Motion *in Limine* Number 4 (#61), Motion *in Limine* Number 6 (#63), Motion *in Limine* Number 7 (#64), and Motion *in Limine* Number 8 (#65). Finally, the Court grants in part and denies in part, as explained above, Defendant's Motion *in Limine* Number 5 (#62) and Defendant's Motion *in Limine* Number 11 (#68).

ENTERED this 14th day of June, 2013.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE