**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

**ROBERT PORTER, SR.,**

    **Plaintiff,**

v.     Case No. 12-2092

**JOSHUA CAMPBELL,**

    **Defendant.**

**ORDER**

Plaintiff Robert Porter, Sr. brings an excessive force claim under 42 U.S.C. § 1983 and a state law battery claim against Defendant Joshua Campbell, alleging that Defendant, a Danville police officer, exerted excessive force in arresting Plaintiff on January 3, 2012, tearing Plaintiff's rotator cuff and causing serious and permanent injury to Plaintiff's arm.  Before the Court are various Motions in Limine, filed in anticipation of the trial set to begin June 17, 2013.  For the reasons explained below, Plaintiff's Motions in Limine **(#71)** are **GRANTED IN PART and DENIED IN PART**, and Defendant's Motion for Judicial Notice of Adjudicative Facts **(#70)** is **DENIED**.

**I.  Background**

A brief recitation of the facts is necessary to provide context for the pending motions.  On January 3, 2012, Defendant and his partner Officer Michael Bransford went to Danville Paper and Supply, where Plaintiff worked, to investigate a December 17, 2011, burglary of Danville Paper and Supply.  Defendant and Bransford interviewed other potential witnesses and then began to interview Plaintiff.  Defendant alleges that when he confronted Plaintiff with evidence linking him to another burglary that occurred at Holiday Hills church in 2010, Plaintiff attempted to leave.  A struggle (the details of which the parties dispute) ensued, and Defendant and Bransford arrested Plaintiff.

On July 26, 2012, Plaintiff pled guilty to committing burglary and criminal damage to property at Danville Paper and Supply Company on December 17, 2011, and to committing two counts of aggravated battery of a peace officer against Defendant and Bransford on January 3, 2012.

In his Motions in Limine (#71), Plaintiff moves to bar evidence of the following: 1) Plaintiff's 2012 conviction for burglary and criminal damage to property, arising from Plaintiff's involvement in the December 17, 2011, burglary of Danville Paper and Supply; 2) Plaintiff's 2012 convictions for aggravated battery to a peace officer, arising from the incident with Defendant on January 3, 2012; 3) Plaintiff's 2007 convictions for burglary and vehicle theft; 4) Plaintiff's 2003 conviction for burglary and aggravated assault on a peace officer; 5) Plaintiff's convictions between 1983 and 1998; 6) Plaintiff's interactions with Officer Wilson, particularly during Plaintiff's 2006 arrest by Officer Wilson; 7) Plaintiff's alleged involvement in the 2010 burglary of Holiday Hills Church; 8) Plaintiff's alleged 2012 violation of his furlough, for which he was not convicted; 9) Plaintiff's 2001 letter to Detective Bruce Stark, and Plaintiff's interactions with Stark; 10) Plaintiff's prior civil litigation; and 11) Plaintiff's past, current, or future status as incarcerated.

## II. Discussion

**Plaintiff's 2012 Conviction for Burglary and Criminal Damage to Property**

Plaintiff seeks to bar, as substantive and impeachment evidence, his felony convictions in July 2012 for Burglary and Criminal Damage to Property of Danville Paper and Supply on December 17, 2011. Plaintiff argues that these convictions are irrelevant as substantive evidence and unduly prejudicial as impeachment evidence under Rule 609. Defendant responds that he should be permitted to use, as substantive evidence, Plaintiff's admission that he committed the Danville Paper and Supply burglary to show Plaintiff's state of mind on January 3, 2012, when Defendant questioned Plaintiff about the burglary before arresting him. Additionally, Defendant argues that the convictions are admissible as impeachment evidence under Rule 609 and that they are not unfairly prejudicial.

Plaintiff's state of mind regarding his guilt is irrelevant to whether Defendant used excessive force to arrest Plaintiff. As a general rule, "when evaluating the reasonableness of an officer's actions, the fact finder must do so with blinders on—viewing the circumstances and facts only as they were known to the officer at the time." *Common v. City of Chicago*, 661 F.3d 940, 943 (7th Cir. 2011)[1]; *see also Padula v. Leimbach*, 656 F.3d 595, 602 (7th Cir. 2011) ("The dispositive question [in an excessive force case] is whether, in light of the facts and circumstances that confronted the officer (and not 20/20 hindsight), the officer behaved in an objectively reasonable manner."). At the time Defendant arrested Plaintiff, Defendant had no knowledge of Plaintiff's state of mind regarding his guilt, nor did Defendant know that Plaintiff would later plead guilty to burglary and criminal damage to property.[2] Therefore, Plaintiff's burglary and criminal damage to property guilty pleas are irrelevant to the excessive force claim. Defendant makes no argument as to why Plaintiff's state of mind could be relevant to the battery claim at issue, and the Court sees no such relevance. Accordingly, the Court grants Plaintiff's motion to bar use of Defendant's guilty plea to burglary and criminal damage to property of Danville Paper and Supply as substantive evidence.

The Court addresses the admissibility of these convictions as impeachment evidence together with the rest of Plaintiff's felony convictions below.

**Plaintiff's 2012 Conviction for Aggravated Battery of a Peace Officer against Defendant and Officer Bransford**

Plaintiff also seeks to bar, as substantive and impeachment evidence, his convictions for committing aggravated battery of a peace officer against Defendant and Officer Bransford during

---

[1] *Common* noted two exceptions to this rule: information beyond the officer's knowledge may be used to impeach a witness's "capacity to observe, remember, or narrate" and to impeach testimony by contradiction. *Common*, 661 F.3d at 943. Defendant's position can be construed as an argument that the second exception, impeachment by contradiction, applies here. Defendant argues that the fact that Plaintiff actually committed the Danville Paper and Supply burglary would undermine Plaintiff's version of events, and lend credence to Defendant's, because it explains why Plaintiff would have attempted to leave the room and would have resisted arrest. However, Defendant's version of events is that Plaintiff sat and answered Defendant's questions about the Danville Paper and Supply Burglary but got up to leave when Defendant began to question him about the Holiday Hills burglary. Therefore, it does not appear that Plaintiff's guilt in regards to the Danville Paper and Supply burglary has much probative value for either side's version of events.

[2] Unlike the aggravated battery of a peace officer convictions discussed below, the facts underlying Plaintiff's burglary and criminal damage to property guilty pleas are not relevant to this excessive force case. Plaintiff pled guilty to having committed burglary and criminal damage to property on December 17, 2011, which says nothing about what occurred between Plaintiff and Defendant in the January 3, 2012, incident at issue in this case.

the incident that gave rise to this case. Although the general rule, as stated above, is that information unknown to an officer at the time of the arrest is irrelevant to an excessive force claim, a subsequent guilty plea is admissible in an excessive force case, where the facts that underlie the guilty plea are relevant to what happened during the incident at issue. *See Wells v. Coker*, 707 F.3d 756, 763 (7th Cir. 2013) (plaintiff's guilty plea to reckless conduct for having pointed gun at officer admissible in subsequent excessive force case against officer); *Saunders v. City of Chicago*, 320 F. Supp. 2d 735, 738 (N.D. Ill. 2004) (plaintiff's resisting arrest conviction admissible in subsequent excessive force case regarding same incident). The factual basis for Plaintiff's plea to aggravated battery of a peace officer against Defendant and Bransford, as described in his guilty plea proceeding, was: "They would testify – Bransford and Campbell – that when they tried to arrest him he pushed them into a wall, and that Mr. Campbell did receive an injury to one of his fingers." Transcript of Guilty Plea Proceedings at 10:20-22 (#41-4). This factual basis is directly relevant to Plaintiff's excessive force claim because it is evidence of how Plaintiff acted during his interaction with Defendant and Bransford. Therefore, the Court denies Plaintiff's motion in limine to bar his aggravated battery of a peace officer convictions and finds that Defendant may use Plaintiff's guilty pleas, and the factual basis underlying them, as substantive evidence.

This ruling raises the question, however, of the mechanics of presenting evidence of Plaintiff's guilty plea. Defendant, in a separate motion entitled Motion for Judicial Notice of Adjudicative Facts (#70), moves to admit, in their entirety, 1) a certified copy of the Vermilion County Court Docket for the 2012 criminal proceedings regarding Plaintiff's aggravated battery of a peace officer, burglary, and criminal damage to property charges; and 2) a certified copy of Plaintiff's guilty plea proceedings, in which he pled guilty to burglary, criminal damage to property, and aggravated battery of a peace officer. Defendant asserts that judicial notice is appropriate but makes no argument as to why these documents, in their entirety, are relevant to this case. The Court sees no relevance of the docket itself, which is merely a summary of various dates and proceedings. Likewise, the guilty plea transcript is filled with irrelevant information, some of it highly prejudicial, such as the fact that the assistant state's attorney agreed not to file escape charges against Plaintiff in exchange for his plea. The guilty plea transcript also refers to the details of Plaintiff's burglary and criminal damage to property

4

convictions, which the Court has ruled inadmissible. Accordingly, the Court denies Defendant's motion to take judicial notice and admit these documents in their entirety. Defendant may only admit evidence that Plaintiff pled guilty in July 2012 to committing aggravated battery of a peace officer on Defendant and Bransford on January 3, 2012, as well as the factual basis of the plea. The Court recommends that the parties stipulate to this information.

**Plaintiff's Other Felony Convictions**

Plaintiff moves to bar as unfairly prejudicial his other felony convictions: his 2012 burglary and criminal damage to property convictions, discussed above; 2007 burglary and vehicle theft convictions; 2003 burglary and assault on a law enforcement officer convictions; 1998 resisting arrest and child neglect convictions; 1990 burglary, theft, and vehicle theft conspiracy convictions; and 1983 aggravated assault. Defendant argues that Plaintiff's 2003 assault on a law enforcement officer and 1998 resisting arrest convictions are admissible as substantive evidence of habit under Federal Rule of Evidence 406. Defendant also maintains that Plaintiff's 2012, 2007, and 2003 convictions are admissible for impeachment purposes under Rule 609. [3]

The Court rejects Defendant's suggestion that the Court admit, under Federal Rule of Evidence 406, Plaintiff's prior convictions for assault on a law enforcement officer and resisting arrest as evidence of Plaintiff's habit to resist arrest and fight with the police. Plaintiff's prior convictions do not meet the demanding standard for habit evidence under Rule 406. *See* FED. R. EVID. 406; *Thompson v. Boggs*, 33 F.3d 847, 854 (7th Cir. 1994) ("[H]abit describes one's regular response to a repeated specific situation. Before a court may admit evidence of habit, the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." (quotation marks and alteration omitted)).

---

[3] Defendant does not argue that Plaintiff's older convictions are admissible as impeachment evidence.

5

As to whether Plaintiff's 2012, 2007, and 2003[4] convictions are admissible as impeachment evidence, the Court excludes the nature and number of these crimes as unfairly prejudicial. Federal Rule of Evidence 609 instructs courts in civil cases to admit, subject to Rule 403, a witness's prior felony convictions as impeachment evidence. *See* FED. R. EVID. 609(a)(1)(A).[5] The Seventh Circuit has indicated that, generally, trial courts should admit "the particular felony charged, the date, and the disposition of a prior conviction for impeachment purposes." *See, e.g., United States v. Smith*, 454 F.3d 707, 716 (7th Cir. 2006). Nevertheless, trial courts enjoy broad discretion in determining the admissibility of such evidence, and the Seventh Circuit has approved the practice of "sanitizing" a prior felony offense, in which the trial court, where the nature of the felony is particularly prejudicial, permits the jury to hear only that a witness has been convicted of a felony. *See, e.g., Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009); *see also Stanbridge v. Mitchell*, No. 10-CV-3008, 2012 WL 1853483, at *2 (C.D. Ill. May 21, 2012) (barring evidence of nature of crime); *Anderson v. City of Chicago*, No. 09 C 2311, 2010 WL 4928875, at *3 (N.D. Ill. Nov. 30, 2010) (same).

Plaintiff's convictions—six in the last ten years—paint him as a recidivist burglar who frequently fights with police. As explained below, the jury will hear about a number of Plaintiff's prior altercations with police when Defendant testifies about his knowledge of Plaintiff prior to the January 3, 2012, incident. The Court is concerned that, if the jury hears the nature of Plaintiff's prior felony convictions, in addition to the ample evidence of Plaintiff's belligerent and criminal behavior of which Defendant was aware, the jury will simply refuse to award Plaintiff any relief, even if Defendant did use excessive force, and will assume that Plaintiff acted in conformity with his criminal past during his interaction with Defendant. Indeed, that Defendant seeks to admit Plaintiff's prior convictions as evidence of habit indicates the likelihood that the jury would use Plaintiff's prior convictions not just to weigh his credibility, but as evidence of the way he likely acted during the incident at issue in this case.

---

[4] Plaintiff argues that his 2003 convictions are subject to the ten-year rule of 609(b), but that rule is triggered when a witness's conviction, or release from confinement, *whichever is later*, occurred more than ten years ago. Plaintiff's release from confinement for his 2003 convictions certainly occurred less than ten years ago, and these convictions, therefore, are not subject to Rule 609(b).

[5] Defendant cites *Green v Bock Laundry Machine Co*., 490 U.S. 504, 527 (1989), for the proposition that Rule 609 is not subject to Rule 403 balancing. As explained by the Seventh Circuit, "Rule 609 was amended after *Green* . . . to incorporate expressly the balancing of probative value against prejudice that Rule 403 embodies." *Kunz v. DeFelice*, 538 F.3d 667, 675 (7th Cir. 2008).

Therefore, other than the 2012 aggravated battery of a peace officer convictions, which are admissible as substantive evidence, Defendant may only refer to the fact that Plaintiff has "prior felony convictions" to impeach him. The Court finds that evidence that Plaintiff has "prior felony convictions" will permit the jury to weigh his credibility in accordance with Rule 609, and that the marginal increase in probative value for Plaintiff's credibility that would be gained by admitting the nature and exact number of these crimes is substantially outweighed by the danger of unfair prejudice to Plaintiff.

**Plaintiff's Interactions with Officer Wilson and Detective Stark**

Plaintiff seeks to exclude evidence of his altercation with Officer Wilson during a 2006 arrest, as well as Plaintiff's interactions with Detective Stark, as irrelevant and unfairly prejudicial. Defendant argues that this evidence is relevant because Wilson and Stark told Defendant about their prior interactions with Plaintiff before Defendant arrested Plaintiff. The Court agrees that Defendant's knowledge, at the time he arrested Plaintiff, of Plaintiff's prior brushes with police sheds light on the reasonableness of the way Defendant handled the arrest of Plaintiff and, therefore, is admissible as substantive evidence.

**The Holiday Hills Church Burglary**

Similarly, Plaintiff moves to exclude evidence of his alleged involvement in a 2010 burglary of the Holiday Hills church and a DNA report allegedly linking him to the crime. Plaintiff notes that he was never convicted for the crime and argues that the incident is irrelevant and highly prejudicial. Defendant testified in his deposition that, although he went to Danville Paper and Supply with Plaintiff in mind as a suspect for the Danville Paper and Supply burglary, he actually went to arrest Plaintiff for his suspected involvement in the 2010 Holiday Hills burglary, based on a DNA report linking Plaintiff to the crime. Defendant also testified that on January 3, 2012, Plaintiff answered Defendant's questions regarding the Danville Paper and Supply burglary, but that Plaintiff got up to leave when confronted with evidence of his suspected involvement in the Holiday Hills burglary, which, according to Defendant, precipitated the altercation giving rise to this case. Therefore, the fact that Defendant planned to arrest Plaintiff for the 2010 burglary of Holiday Hills church, and confronted Plaintiff with evidence of his involvement in the crime, is relevant and will not be excluded. *See Jacobs v. City of*

*Chicago*, 215 F.3d 758, 773 (7th Cir. 2000) (noting that, among other factors relevant to reasonableness of force, courts consider whether a plaintiff was "suspected of committing a crime" (internal quotation marks omitted)).

**Plaintiff's Alleged Violation of Furlough**

Plaintiff also seeks to exclude evidence that he allegedly violated his furlough in 2012. Defendant responds that, after January 3, 2012, Plaintiff was permitted to leave prison on furlough to attend medical appointments at the VA, and that Officer Bransford and Defendant, who were assigned to check up on Plaintiff's hospital visits while on furlough, believed Plaintiff was failing to attend his visits. The Court finds this argument to be speculative, at best. Bransford's deposition reveals that he remembers little about these incidents, much less when they happened. *See* Bransford Dep. at 61:5-62:9. He stated, "I think on one occasion [hospital officials] said he had already come and gone," and it was "possible" that Plaintiff failed to show up on other occasions. Campbell testified that he "believed" Plaintiff was not present for some of his appointments but that he was not "100 percent certain on that." Campbell Dep. at 60:5-7. This evidence has low probative value, as Bransford and Campbell remember little about what happened, and is highly prejudicial, because the jury would hear that Plaintiff violated his furlough. Therefore, the Court, under Rule 403, bars any evidence that Plaintiff violated his furlough.

**Evidence of Plaintiff's Incarceration and Prior Civil Litigation**

Plaintiff seeks to bar evidence that he has been, is, or will be incarcerated. Defendant argues that Plaintiff's incarcerated status, as well as how long he will be incarcerated, is relevant to his earning potential. The Court agrees that, if Plaintiff seeks lost wages at trial, Defendant may question him about his incarcerated status and how long he will be incarcerated.

Plaintiff also moves to bar evidence of any prior civil litigation. Defendant argues that he should be permitted to use, as impeachment evidence, a 2007 case in which Plaintiff admitted he applied for disability in 2006, to undermine Plaintiff's lost wages claim. The Court will reserve ruling upon this issue until hearing Plaintiff's testimony.

### III.  Conclusion

Defendant's Motion for Judicial Notice of Adjudicative Facts **(#70)** is **DENIED**. Plaintiff's Motions in Limine **(#71)** are **GRANTED IN PART and DENIED IN PART**. Defendant may introduce substantive evidence of Plaintiff's 2012 aggravated battery of a peace officer convictions against Defendant and Officer Bransford, but may not introduce substantive evidence of any of Plaintiff's other convictions.  Defendant may impeach Plaintiff's testimony by referring to Plaintiff's "prior felony convictions," but may not refer to the nature, date, disposition, or number of Plaintiff's prior felony convictions.  Evidence of Plaintiff's interactions with Officer Wilson and Detective Stark are admissible to the extent Defendant had knowledge of them prior to arresting Plaintiff.  Plaintiff's alleged 2012 furlough violation is barred.  The Court reserves ruling on the admissibility of Plaintiff's prior litigation as impeachment evidence. Plaintiff's incarcerated status may be admissible if Plaintiff seeks lost wages damages.

ENTERED this 14th day of June, 2013.

                                                                            s/DAVID G. BERNTHAL
                                                                    UNITED STATES MAGISTRATE JUDGE