# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **ROBERT PORTER, SR.,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**JOSHUA CAMPBELL,**<br><br>     **Defendant.** | Case No. 12-2092 |

## ORDER

In March 2012, Plaintiff Robert Porter, Sr., filed a *pro se* complaint alleging excessive force against several police officers. By June 2012, Defendant Joshua Campbell was the only defendant remaining in the case. Following a jury verdict in June 2013 and entry of judgment against Plaintiff and in favor of Defendant Campbell, Plaintiff filed a Notice of Appeal (#108), a Petition for Relief from Judgment (#109), and a motion[1] to proceed in forma pauperis (#118). Also pending before the Court are a Motion for a Hearing (#111), a Motion for Issuance of Subpoenas (#125), and a Motion for a Hearing and Writ of Habeas Corpus Ad Testificandum (#126). After reviewing the parties' pleadings and memoranda, the Court **DENIES** Plaintiff's Petition for Relief from Judgment (**#109**), the motion to proceed in forma pauperis (**#118**), the Motion for a Hearing (**#111**), the Motion for Issuance of Subpoenas (**#125**), and the Motion for a Hearing and Writ of Habeas Corpus Ad Testificandum (**#126**).

### I. Petition for Relief from Judgment (#109)

Plaintiff seeks post-judgment relief pursuant to Federal Rule of Civil Procedure 60 based on mistake, FED. R. CIV. P. 60(b)(1); fraud, misrepresentation, or misconduct by an opposing party, FED. R. CIV. P. 60(b)(3); and any other reason that justifies relief, FED. R. CIV. P. 60(b)(6). An inadvertent "mistake" that might justify relief under Rule 60(b)(1) "typically

---

[1] Plaintiff filed an Affidavit Accompanying Motion for Permission To Appeal In Forma Pauperis (#118), which the Court construes as a motion to appeal in forma pauperis.

involves a misunderstanding of the surrounding facts and circumstances." *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009). To obtain relief under Rule 60(b)(3), Plaintiff must show that he has a meritorious claim that he was prevented from fully and fairly presenting at trial as a result of the adverse party's fraud, misrepresentation, or misconduct. *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758-59 (7th Cir. 2010). A party who seeks to set aside a judgment under Rule 60(b)(3) must prove fraud by clear and convincing evidence. *Id.* at 759.

The gist of Plaintiff's petition for relief is that Defendant Campbell and Officer Bransford (a defendant whom Plaintiff voluntarily dismissed from the suit in June 2012) conspired to let Campbell take the blame for Plaintiff's injury to protect Bransford, who was leaving the police department to take a new job. Based on the officers' alleged misconduct, fraud, and perjury, Plaintiff contends that he was prevented from fully and fairly presenting his case at trial. In support, Plaintiff's post-judgment petition includes an affidavit in which Plaintiff avers:

> During my "excessive force" trial . . . , former Danville police officer Michael Bransford entered the courtroom. I immediately notified my lawyers that he was indeed the officer who grabbed my right arm and ripped my shoulder muscles. Officer Campbell was not the person who caused my injury. Both officers knew this and therefore committed perjury and fraud upon the court. The officer's [(*sic*)] knowingly switched places and offered the court perjured depositions and testimony. I was told by my lawyer Mr. Dueker I knew what they had did, and he said he figured as much but at this stage of the trial there was not anything he could do. Both officer's [(*sic*)] committed perjury and I have proof of these acts.

(#109-1, p. 2.) Plaintiff also contends that his attorneys provided ineffective assistance when they proceeded with the trial after Plaintiff informed them that Bransford, rather than Defendant Campbell, was the person who actually used excessive force on Plaintiff.

Plaintiff states in his petition that he has incontrovertible evidence to support his claim. In support, he refers to trial testimony and deposition testimony of the parties and witnesses. The Court has reviewed the attachments and supplements to Plaintiff's motion for relief and has found no evidence to support his petition. Plaintiff's contention that Defendant Campbell and Officer Bransford perjured themselves is unavailing. Plaintiff had an opportunity to cross-examine Campbell and Bransford during their depositions and at trial. The jury apparently believed their testimony rather than Plaintiff's testimony and returned a verdict in favor of

Defendant Campbell. In fact, Plaintiff's affidavit quoted above directly contradicts his trial testimony. Therefore, the evidence Plaintiff provided to support his petition shows that Plaintiff, rather than Campbell and Bransford, perjured himself at trial.

Regarding Plaintiff's argument that his counsel was ineffective, it is well settled that there is no right to effective counsel in a civil case. *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001); *see Bell v. Eastman Kodak Co.*, 214 F.3d 798, 802 (7th Cir. 2000) (stating that ineffective assistance of counsel is not proper grounds for collaterally attacking a civil judgment); *Hutcherson v. Smith*, 908 F.2d 243, 245 (7th Cir. 1990) ("[I]t is a well-established principle of law that there is, in general, no constitutional or statutory right to effective assistance of counsel in civil cases.").

The petition asks the Court for relief including allowing Plaintiff to testify and present evidence and exhibits, allowing Plaintiff to amend (presumably referring to amending his complaint), and granting a new trial. Plaintiff has provided no reasons that would justify the Court granting the relief he requests. *See Stanciel*, 267 F.3d at 581 (stating that an attorney's shortcomings do not entitle his client to a new trial in a civil case). The jury returned a verdict in favor of Defendant Campbell. Plaintiff's affidavit states that that Campbell did not cause his injury. Thus, the affidavit Plaintiff provided to support his petition is consistent with the jury verdict and final judgment.

Furthermore, had Plaintiff notified the Court directly or through counsel at the time he realized that Campbell was not responsible for Plaintiff's injury, the Court would have asked Plaintiff if he wanted to dismiss the case. The Court would not have considered granting a new trial – and certainly not a trial against Officer Bransford, who had not been a party to the case since June 2012 when Plaintiff voluntarily dismissed him from the suit (Letter, #8) and filed an amended complaint against Defendant Campbell only (#7). Nor would the Court have considered allowing Plaintiff to amend his complaint at that time to add Officer Bransford as a defendant. The deadline for adding new parties to the suit was November 30, 2012, and the deadline for amending pleadings was March 15, 2013. The Court sees no reason to extend those deadlines under the circumstances. *See Taylor v. Freeland*, 503 U.S. 638, 644 (1992)

("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.").

Plaintiff has not established any misunderstanding of the facts and circumstances involved in his case that would justify relief under Rule 60(b). His affidavit acknowledges that he realized during the trial that Defendant Campbell was not the person who injured him yet he testified at trial that Campbell did, in fact, cause his injury. Furthermore, Plaintiff has not provided any evidence that Campbell and Bransford committed fraud. *See Wickens*, 620 F.3d at 759 (stating that a party who seeks to set aside a judgment under Rule 60(b)(3) must prove fraud by clear and convincing evidence). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). Because no such circumstances exist in this case, the Court concludes that Plaintiff is not entitled to relief under any of the grounds enumerated in Rule 60(b). Accordingly, the Court denies Plaintiff's Petition for Relief from Judgment (#109).

## II. Motion To Proceed In Forma Pauperis (#118)

Plaintiff has filed a notice of appeal (#108), a motion to appeal in forma pauperis (#118), and an affidavit (#127) stating the issues that he intends to present on appeal. Defendant objects to Plaintiff's in forma pauperis motion and asks the Court to certify that Plaintiff's appeal is not taken in good faith.

Title 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it raises any issue that is not clearly frivolous, *Coppedge,* 369 U.S. at 445, meaning that a reasonable person could suppose it to have at least some legal merit, *Lee*, 209 F.3d at 1026. A plaintiff who identifies issues that are debatable among jurists of reason, that could be resolved in a different manner, or that are sufficient to deserve encouragement to proceed further demonstrates a good faith basis for an appeal. *Pate v. Stevens*, 163 F.3d 436, 439 (7th Cir. 1998).

Plaintiff's affidavit describes the grounds for his appeal as follows:  (1) Plaintiff's counsel provided ineffective assistance; (2) Plaintiff was denied his Sixth Amendment right to effective assistance of counsel; (3) Defendant Campbell and Officer Bransford conspired to deny Plaintiff a fair trial; (4) Defendant Campbell's counsel conspired with Campbell and Bransford to deny Plaintiff a fair trial and knowingly suborned perjured testimony; and (5) Plaintiff was denied a fair trial when the Court allowed testimony regarding a nonconvicted felony charge and a nonconvicted burglary charge.  Plaintiff's appeal rests primarily on the premise that he realized during the trial that Bransford was the officer who had injured Plaintiff and that Bransford and Defendant Campbell had conspired to allow Campbell to take the blame for the injury, committing fraud and perjury along the way.

As noted above, Plaintiff has no right to effective assistance of counsel in a civil case, nor is a new trial--particularly a trial of an individual who is not a party to the suit--a proper remedy for defective representation in a civil action.  *See Stanciel*, 267 F.3d at 581.  The jury verdict in favor of Defendant Campbell is consistent with Plaintiff's affidavit in support of his petition for post-judgment relief.  That affidavit also indicates that Plaintiff perjured himself at trial.  In light of Plaintiff's own testimony, Plaintiff's claims of conspiracy, fraud, and perjury, and his contention that the Court improperly allowed testimony regarding nonconvicted felony and burglary charges, do not identify issues that are debatable among jurists of reason, that could be resolved in a different manner, or that are sufficient to deserve encouragement to proceed further. *See Pate*, 163 F.3d at 439.  As a result, the Court concludes that Plaintiff has failed to present a nonfrivolous issue for appellate review.  The Court therefore denies Plaintiff's motion to appeal in forma pauperis (#118) and certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not taken in good faith.

Plaintiff incurred the filing fee by filing the notice of appeal.  *Newlin v. Helman,* 123 F.3d 429, 434 (7th Cir. 1997), *overruled on other grounds by Lee*, 209 F.3d at 1026-27.  The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the full filing fee of $455.00 within fourteen days of the date of the certification order.  *Newlin*, 123 F.3d at 434. Failure to pay in full within the time limit may result in dismissal.  If Plaintiff wishes to contest

this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within thirty days after service of this order.  *See* FED. R. APP. P. 24(a)(5).

### III.  Summary

For the foregoing reasons, Plaintiff's Petition for Relief from Judgment (**#109**) and Plaintiff's motion to proceed *in forma pauperis* on appeal (**#118**) are **DENIED** and the Court hereby **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith. Plaintiff's remaining pending motions, including the Motion for a Hearing (**#111**), the Motion for Issuance of Subpoenas (**#125**), and the Motion for a Hearing and Writ of Habeas Corpus Ad Testificandum (**#126**), are **DENIED as moot**.

Plaintiff is ordered to remit to the Clerk of Court the $455.00 appellate filing fee within fourteen days of the date of this Order.  Plaintiff is responsible for ensuring payment of the filing fee as directed by this Order, and should insure that the institution having custody of him transmits the necessary funds.  The obligation to make full payment of the filing fee imposed by this Order shall not be relieved by release or transfer to another prison.  Plaintiff is under a continuing obligation to inform the Clerk of Court in writing of any change of address within seven days of the change.

Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk is directed to mail a copy of this order to the United States Court of Appeals for the Seventh Circuit.

ENTERED this 29th day of October, 2013.

s/DAVID G. BERNTHAL  
UNITED STATES MAGISTRATE JUDGE